UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JERRY REED,

                Plaintiff,

    - against -

PARAMOUNT WIRE CO., INC., and
CARPENTER TECHNOLOGY CORP.,

                Defendant.
------------------------------------X

**OPINION & ORDER**

04 Civ. 8059 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Jerry Reed is suing Paramount Wire Co., Inc. ("Paramount") and Carpenter Technology Corp. ("Carpenter") for injuries allegedly resulting from his exposure to benzene during his employment by the defendants. Paramount now moves for summary judgment dismissing Reed's claim. For the following reasons, Paramount's motion is granted and the case is dismissed.[1]

## II. FACTS

Reed worked as a machine operator in the wire drawing industry first

---

[1] Having been informed by plaintiff's counsel that if the case against Paramount is dismissed plaintiff does not wish to pursue the case against Carpenter, the Court dismisses the case against both parties at this time.

for Carpenter and later, from 1993 to 1996, for Paramount.[2] At all times during and subsequent to Reed's employment, Paramount maintained workers' compensation insurance for its employees.[3]

As part of his duties, Reed used various chemicals provided by Paramount to clean and degrease the machines in the factory.[4] One of these chemicals is alleged to have been gasoline, which contains benzene.[5]

In November 1998, Reed was diagnosed with severe anemia and in October 1999, he was diagnosed with severe myelodysplasia, probably secondary to benzene exposure.[6] Because he had not been exposed to chemicals elsewhere,

---

[2] *See* 4/14/05 Affidavit of Reed in Opposition to Defendant's Motion for Summary Judgment ("Reed Aff.") ¶¶ 2-4.

[3] *See* 4/4/05 Paramount's 56.1 Statement ("56.1 Statement") ¶ 3. Because Reed failed to submit a 56.1 statement contradicting Paramount's, the statements contained in Paramount's Rule 56 submission are deemed admitted. *See* U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Sanchez v. National Cleaning Co.*, 11 F. Supp. 2d 453, 454 (S.D.N.Y. 1998) (holding that facts in the moving party's 56.1 statement were admitted because they were not controverted by the non-moving party).

[4] *See* Complaint ¶ 8.

[5] *See id.* ¶ 10.

[6] *See* 56.1 Statement ¶ 4.

Reed believed that his exposure to benzene had occurred at work.[7] On April 3, 2000, Reed signed an Employee's Claim for Compensation ("Compensation Claim") for filing with the New York State Workers' Compensation Board (the "Board") stating that his illness was caused by exposure to benzene and other toxic chemicals.[8] He then filed suit in this Court on October 13, 2004. Jurisdiction is based on diversity of citizenship between the parties.

### III. LEGAL STANDARD

Summary judgment is appropriate if the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] "An issue of fact is genuine 'if the evidence is such that a jury could return a verdict for the nonmoving party.'"[10] "A fact is material for these purposes if it 'might affect the outcome of the suit under the governing law.'"[11]

---

[7] *See* Reed Aff. ¶ 22.

[8] *See* 56.1 Statement ¶ 6.

[9] Fed. R. Civ. P. 56(c).

[10] *Overton v. New York State Div. of Military and Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

[11] *Id.* (quoting *Anderson*, 477 U.S. at 248).

The movant has the burden of demonstrating that no genuine issue of material fact exists. In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.[12] To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts."[13] It must "come forward with specific facts showing that there is a genuine issue for trial."[14] In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor.[15] However, "[w]hile all factual ambiguities must be resolved in favor of the nonmoving party, the nonmoving party may not rely on conclusory allegations or unsubstantiated speculation."[16] "The 'mere existence of a scintilla of evidence' supporting the non-movant's case

---

[12] *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[14] *Powell*, 364 F.3d at 84 (quoting *Aslandis v. United States Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993)).

[15] *See Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004).

[16] *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quotation omitted).

is also insufficient to defeat summary judgment."[17]

## IV. DISCUSSION

Paramount raises two grounds for summary judgment: first, that the Workers' Compensation law designates a proceeding before the Board as the sole remedy for a workplace injury, to the exclusion of a civil suit; and second, that Reed's claim is time-barred. For the reasons discussed below, summary judgment is granted on both grounds.

### A. Exclusivity of Employer Liability

Section 11 of New York Workers' Compensation Law provides that

> the liability of an employer [under Workers' Compensation Law] . . . shall be exclusive and in place of any other liability whatsoever . . . at common law or otherwise . . . except that if the employer fails to secure the payment of compensation for his or her injured employees . . . an injured employee . . . may . . . maintain an action in the courts for damages.[18]

"[T]he exclusive remedy available to an employee injured in the course of employment is provided by the Workers' Compensation law"[19] unless

---

[17] *Niagara Mohawk Power Corp. v. Jones Chem., Inc.* 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

[18] N.Y. Workers' Comp. Law § 11 (McKinney 2005).

[19] *McKay v. Ciani*, 720 N.Y.S.2d 601, 603 (3d Dep't 2001). *Accord Babcock v. Lamb*, 668 N.Y.S.2d 856, 856 (4th Dep't 1998) ("workers' compensation is the sole and exclusive remedy available to an employee injured

the employer intentionally injured the employee[20] or failed to secure workers' compensation insurance.[21] In order to withstand summary judgment, Reed must show either that Paramount failed to secure insurance or that Paramount intentionally injured him.

### 1. Uninsured Employer

Section 11 provides an exception to exclusivity in cases where an employer has failed to secure payment of compensation to his employees in compliance with Section 50,[22] which states that an employer may secure compensation by "insuring and keeping insured the payment of such compensation in the state fund or . . . by insuring and keeping insured the payment of such

---

during the course of his employment as against his employer.").

[20] *See Burlew v. American Mut. Ins. Co.*, 482 N.Y.S.2d 720, 723 (1984) ("Intentional injuries are not covered by the Workers' Compensation Law and an employee may bring a tort action for such wrongs against the offending employer or insurer."); *Gagliardi v. Trapp*, 633 N.Y.S.2d 387, 388 (2d Dep't 1995) (stating that an employee must show that employer intentionally injured him in order to escape exclusive remedy provision).

[21] *See Patterson v. Salvation Army*, 610 N.Y.S.2d 42, 43 (1st Dep't 1994) (holding that Workers' Compensation Law is an employee's exclusive remedy where the employer carried workers' compensation insurance and did not cause the injury intentionally); *Baksh v. Yassky*, 600 N.Y.S.2d 65, 66 (1st Dep't 1993) (granting summary judgment of personal injury claim on the grounds that Workers' Compensation law is employee's sole remedy where employer secured workers' compensation insurance).

[22] *See* N.Y. Workers' Comp. Law § 11.

compensation with any stock corporation, mutual corporation, or reciprocal insurer . . . ."[23] Where an employer fails to comply with section 50, an employee may elect to bring a civil action;[24] however, the employee must allege and prove noncompliance.[25]

During Reed's period of employment and at all subsequent times, Paramount met its obligations under sections 11 and 50 by maintaining workers' compensation insurance. Reed makes no claim that Paramount was uninsured during the time of his employment, nor does he proffer any facts to suggest that Paramount was uninsured. Therefore, Reed cannot escape the exclusive remedy provision through the uninsured employer exception.

### 2. Intentional Injury

In order to establish an intentional tort that will overcome section 11 exclusivity, the plaintiff must show "an intentional or deliberate act by the

---

[23] N.Y. Workers' Comp. Law § 50 (McKinney 2005).

[24] *See Fey v. Stengle*, 412 N.Y.S.2d 934, 935 (4th Dep't 1979) ("Section 11 of the Workers' Compensation Law, however, allows an employee to elect to maintain an action if the employer failed properly to secure the payment of compensation").

[25] *See Rainey v. Jefferson Village Condo No. 11 Assoc.*, 611 N.Y.S.2d 207, 210 (2d Dep't 1994) ("where it appears that the plaintiff was an employee of the defendant, the obligation of alleging and proving noncoverage falls upon the plaintiff").

employer directed at causing harm to the particular employee."[26]

> The plaintiff must be able to point to specific facts evidencing an intent to harm him . . . . A mere knowledge and appreciation of a risk is not the same as intent to cause injury . . . . Therefore, where the employer is accused of failing to warn an employee of a known hazard, or fails to disclose the nature of the materials with which the employee is working, the employer's conduct will not constitute an intentional tort.[27]

In *Briggs v. Pymm Thermometer Corp.*,[28] employees alleged that Pymm knew of extremely dangerous conditions in its factory and intentionally concealed those dangers from the workforce in order to prevent employees from leaving their jobs. Nonetheless, the court granted Pymm's motion for dismissal, holding that "intentionally ignor[ing]" a known hazard is not an intentional tort and therefore "is not excepted from the 'exclusive remedy' provision of the Workers' Compensation law."[29]

The court imposed the same intentional tort standard in *Orzechowski*

---

[26] *Acevedo v. Consolidated Edison Co.*, 596 N.Y.S.2d 68, 71 (1st Dep't 1993) (quoting *Mylroie v. GAF Corp.*, 440 N.Y.S.2d 67, 69 (3d Dep't 1981)).

[27] *Greco v. Staten Island Univ. Hosp.*, No. Civ. A. CV-99-7401, 2000 WL 804634, at *2 (E.D.N.Y. May 1, 2000) (citations omitted).

[28] 537 N.Y.S.2d 553 (2d Dep't 1989).

[29] *Id.* at 556 (quoting *Orzechowski v. Warner-Lambert Co.*, 460 N.Y.S.2d 64, 66 (2d Dep't 1983)).

v. *Warner-Lambert Co.*[30] and *Acevedo v. Consolidated Edison Co.*[31] In *Acevedo*, the court dismissed the claims of plaintiffs whose employer had directed them to clean up an explosion site without either warning them that the site was contaminated with toxic substances or providing them with protective clothing. The court held that in order to establish an intentional tort the plaintiffs had to show that their employer acted with "the desire to bring about the consequences of the act."[32] Mere "appreciation of the risk" does not constitute the level of intent requisite for an intentional tort.[33]

Likewise, in *Orzechowski*, plaintiffs alleged that their employers intentionally ignored the known risk of explosion in the factory where plaintiffs worked. The court dismissed the case, holding that intentionally ignoring a hazard is not a "specific act directed at causing harm to particular employees" and therefore does not constitute an intentional tort for the purposes of the Workers' Compensation Law.[34]

---

[30] 460 N.Y.S.2d 64.

[31] 596 N.Y.S.2d 68.

[32] *Id.* at 71.

[33] *Id.*

[34] *Orzechowski*, 460 N.Y.S.2d at 66.

Similarly, because Paramount did not commit a "specific act directed at causing harm to a particular employee," its actions do not constitute an intentional tort. Reed raises no specific facts indicating that Paramount intended to harm him. In fact, Reed states that Paramount began using benzene in an effort to better degrease its machines.[35] Paramount's alleged failure to protect Reed from the dangers of benzene exposure does not constitute an intentional tort.

Reed has failed to raise facts that, if proven, would exempt his claim from the exclusive remedy provision of the New York Workers' Compensation Law. Paramount's motion for summary judgment on the ground of exclusivity is therefore granted.

## B. Statute of Limitations

Reed's condition constitutes an occupational disease within the meaning of section 2(15) of the Workers' Compensation law.[36] Therefore, Reed's claim is subject to the provision of section 28 of the Workers' Compensation law

---

[35] *See* Reed Aff. ¶¶ 7-14.

[36] *See* N.Y. Workers' Comp. Law § 2(15) (McKinney 2005) ("'Occupational disease' means a disease resulting from the nature of employment and contracted therein."). Section 3(a) of the Workers' Comp. Law specifically defines benzene poisoning and other diseases contracted through benzene exposure as occupational diseases. *See* N.Y. Workers' Comp. Law § 3(a) (McKinney 2005).

that sets forth the statute of limitations for occupational disease claims.

> The right of an employee to claim compensation under this chapter for disablement caused by any occupational disease including but not limited to . . . latent or delayed pathological bone, blood or lung changes or malignancies due to occupational exposure to or contact with arsenic, benzol, . . . or any other chemical compound shall not be barred by the failure of the employee to file a claim within such period of two years, provided such claim shall be filed after such period of two years and within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment.[37]

Courts have repeatedly held that the statute of limitations for claims of occupational disease begins to run at the time the employee knows of his injury and of the relation between his injury and workplace conditions.[38] Certainty as to the cause of the injury is not necessary; the plaintiff only need know that his injury

---

[37] N.Y. Workers' Comp. Law § 28 (McKinney 2005).

[38] *See e.g., Bonneau v. New York City Dep't of Sanitation*, 650 N.Y.S.2d 427, 428-9 (3d Dep't 1996) (upholding Board's finding that, where plaintiff was already aware of his exposure to asbestos, statute of limitations for asbestosis claim began to run at time plaintiff was diagnosed with asbestosis); *Williams v. Julius Klein, Inc.*, 327 N.Y.S.2d 947, 948-9 (3d Dep't 1972) (stating that claim, which was filed less than a year after plaintiff's diagnosis with blood disorder caused by benzene exposure, was timely filed); *Graniero v. Northern Westchester Hosp.*, 695 N.Y.S.2d 762, 763 (3d Dep't 1999) (upholding Board's finding that statute of limitations began to run at time plaintiff was diagnosed and advised that his condition was work-related).

might be work-related.[39] In *Johnson v. Ashland Oil, Inc.*, the court held that the statute of limitations began to run at the time the plaintiff "knew that he had sustained an injury from exposure to toxic substances at his work place."[40] The court specifically rejected the argument that the limitations period began only when the plaintiff discovered the specific chemical to which he had been exposed.[41]

The statute of limitations on Reed's claim began to run when he knew that he was ill as a result of exposure to chemicals in the workplace. This knowledge accrued no later than April 3, 2000, when Reed filed his Compensation Claim stating that his disease resulted from benzene exposure between 1993 and 1996 (years in which he was employed by Paramount). Because payment under the Workers' Compensation Law is only available for "injur[ies] arising out of and

---

[39] *See Birmingham v. Baxter & Spencer, Inc.*, 444 N.Y.S.2d 215, 216 (3d Dep't 1981) (calculating limitations period from time of "disablement and knowledge that the disease might be employment related"); *Miller v. Acheson Industries*, No. 403331/97, 1999 WL 509506 at *3 (Sup. Ct. N.Y. Co. May 26, 1999) (holding that plaintiff "only need know or have reason to know of a potential cause" of the injury for a cause of action to accrue).

[40] 601 N.Y.S.2d 756, 757 (4th Dep't 1993).

[41] *See id.*

in the course of employment,"[42] Reed's completion of a Workers' Compensation Claim indicated his belief that his injury arose in the course of his employment. Although Reed's attorney asserts in an affidavit that Reed did not learn the cause of his illness until November 2003, he offers not even a scintilla of evidence to support this statement.[43] As of April 3, 2000, Reed was clearly aware of his disease and the causal relationship between his employment and his illness. The statute of limitations began to run no later than April 3, 2000 and expired two years later on April 3, 2002, well before the October 13, 2004 filing of Reed's complaint.

Reed argues that sections 203 and 204 of the Civil Practice Law and Rules ("CPLR") extend the period of limitations; however, neither of these sections apply to his claim. Section 203 states that where the statutory period begins to run upon the discovery of facts giving rise to a cause of action, actions

---

[42] N.Y. Workers' Comp. Law § 10 (McKinney 2005). *See also* N.Y. Workers' Comp. Law §3(1) (McKinney 2005) ("Compensation shall be payable for injuries or death incurred by employees in the following employments . . . [m]anufacture of wire . . . ."). *Cf. Stead v. Rockland County*, 599 N.Y.S.2d 710, 711 (3d Dep't 1993) (upholding Board's denial of an award to employee because injury was not sustained in the course of employment).

[43] 4/15/05 Affirmation of W. Lawrence Lopez, Counsel to Plaintiff, in Opposition to Defendant's Motion for Summary Judgment ¶ 9.

should be commenced within two years of the discovery.[44] Contrary to Reed's argument, section 203 cannot be extended to mean that the statutory period begins to run when a plaintiff learns of the precise chemical that caused his injury.[45] As noted earlier, a cause of action for an occupational disease accrues when the employee knows that he suffers from a disease and that the disease is or was due to the nature of the employment. Reed knew of his disease and its cause when he signed his Compensation Claim on April 3, 2000.

Section 204(a) tolls the statute of limitations where a stay on filing an action is mandated by court order or statutory provision.[46] There was no court order here staying any filing, nor does the Workers' Compensation law mandate a delay in commencing a civil suit. Rather, it creates a complete bar to civil actions

---

[44] *See* N.Y. C.P.L.R. § 203(g) (McKinney 2005) ("[W]here the time within which an action must be commenced is computed from the time when facts were discovered or from the time when with reasonable diligence facts could have been discovered, or from either of such times, the action must be commenced within two years of such actual or imputed discovery . . .").

[45] *See* Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Opp. Mem.") at 4, 9-10 (arguing that the statutory period began to run in November of 2003, when Reed allegedly learned the precise chemical used in Paramount's factory).

[46] *See* N.Y. C.P.L.R. § 204(a) (McKinney 2005) ("Where the commencement of an action has been stayed by a court or by statutory provision, the duration of the stay is not a part of the time within which the action must be commenced.").

for workers' compensation with only a few narrow exceptions. As discussed earlier, Reed's claim does not fall within any of these exceptions.

Section 204(b) is likewise inapplicable. Section 204(b) provides that the statute of limitations shall be tolled where there is a demand for arbitration but it is later determined that the parties are not bound to submit to arbitration.[47] This section is inapplicable because a proceeding before the Workers' Compensation Board is a form of adjudication, not arbitration. Plaintiff has offered no case law to the contrary, nor has the Court uncovered any. Moreover, even if a proceeding before the Worker's Compensation Board did constitute arbitration for purposes of section 204(b), Reed still does not qualify for an extended limitations period.

The purpose of section 204(b) is "to preserve a remedy to a litigant who has mistaken his forum."[48] The provision "suspend[s] the running of the period of limitations for a party who erroneously seeks to adjudicate a legal

---

[47] *See* N.Y. C.P.L.R. § 204(b) (McKinney 2005) ("Where it shall have been determined that a party is not obligated to submit a claim for arbitration, the time which elapsed between the demand for arbitration and the final determination that there is no obligation to arbitrate is not part of the time within which an action upon such claim must be commenced.").

[48] *Bright v. Pagan*, 653 N.Y.S.2d 645, 646 (2d Dep't 1997).

dispute through arbitration."[49] However, Reed did not err in bringing his claim before the Board. This is not a case in which the plaintiff has made a good faith mistake as to the proper forum. Rather, Reed brought a claim before the Board and, while it was still pending, also filed a claim in this Court. Section 204(b) does not extend the statute of limitations in such circumstances.

Reed filed his complaint after the expiration of the statute of limitations and has offered no compelling reason why the statute of limitations should be tolled. Paramount's motion for summary judgment on this ground is granted.

---

[49] *Francese, Inc. v. Enlarged City School Dist. of Troy*, 710 N.Y.S.2d 315 (2000).

## V. CONCLUSION

For the foregoing reasons, Paramount's motion for summary judgment is granted. The Clerk of the Court is directed to close this motion (Docket # 13) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
June 21, 2005

## - Appearances -

*For Plaintiff:*

W. Lawrence Lopez, Esq.
P.O. Box 393
Roslyn, NY 11576
(718) 360-5912


*For Defendant:*

Arthur Simuro, Esq.
MONTFORT, HEALY, McGUIRE & SALLEY
1140 Franklin Avenue
P.O. Box 7677
Garden City, New York 11530-7677
(516) 747-4082